```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

MAHMOUD B. HARMOUCHE and        §
HOURIEH A. HARMOUCHE,           §
                                §
    Plaintiffs,                 §
                                §
v.                              §   CIVIL ACTION NO. H-05-4301
                                §
SAM SHUM, SAM SHUM &            §
ASSOCIATES INSURANCE AGENCY,    §
INC., and NATIONAL FLOOD        §
INSURANCE PROGRAM,              §
                                §
    Defendants.                 §

MEMORANDUM AND ORDER

Pending are Defendants Sam Shum and Sam Shum & Associates Insurance Agency, Inc.'s Motion for Partial Summary Judgment (Document No. 33) and Defendant Department of Homeland Security's Motion for Summary Judgment (Document No. 36). Plaintiffs have not responded to the Department of Homeland Security's Motion for Summary Judgment, and it is deemed unopposed pursuant to Local Rule 7.4. After having carefully considered the motions, responses, reply, and applicable law, the Court concludes as follows:

I. Background

A flood occurred in Houston, Texas on November 17, 2003. Plaintiffs and spouses Mahmoud and Hourieh Harmouche ("Plaintiffs") seek to recover their loss under a Standard Flood Insurance Policy

issued by the Federal Emergency Management Agency ("FEMA"), a component of the Department of Homeland Security, charged with administration of the National Flood Insurance Program ("NFIP"). Plaintiffs also sue their insurance agent, Defendants Sam Shum ("Shum") and Sam Shum & Associates Insurance Agency, Inc. (collectively, the "Shum Defendants"), for allegedly misrepresenting the effective date of the flood insurance policy in violation of the Texas Deceptive Trade Practices Act ("DTPA").

On November 7, 2003, Mr. Harmouche, through his insurance agent the Shum Defendants, applied for a Standard Flood Insurance Policy ("SFIP") with Delta Lloyds Insurance Company ("Delta Lloyds"), a Write-Your-Own ("WYO") insurance company, to insure their home in Houston, Texas. *See* Document No. 36 ex. A ¶ 18. The insurance application states that the Policy Period will be for one-year, effective November 21, 2003, to November 21, 2004. *See* Document No. 33 tab 2. Also included on the application is a typed notice that there is a "Standard 30 Day Wait." Id. On November 7, 2003, Mr. Harmouche and Shum signed the application, and Mr. Harmouche paid an insurance premium to Delta Lloyds that same day. *See* id.; Document No. 36 ex. A ¶ 20. Plaintiffs contend that during the application process, Shum orally represented that he would waive the 30-day wait period because Plaintiffs allegedly were obtaining a home equity loan, and, thus, the coverage period would be from November 7, 2003 to November 7, 2004. *See* Document

No. 44 ex. A at 1-2.[1]  In January, 2004, FEMA issued the SFIP, Policy No. RL00017894, under which Plaintiffs seek recovery (the "Policy").  Document No. 36 ex. A-G & ex. A ¶ 27.  The Policy shows a one-year term, effective November 21, 2003, to November 21, 2004.  <u>Id.</u>  Plaintiffs allege that their home sustained flood damage on November 17, 2003.

In their Original Petition, Plaintiffs allege that the NFIP wrongfully denied Plaintiffs' claim for flood losses,[2] and the Shum Defendants violated the DTPA by falsely representing that the Policy was effective starting November 7, 2003.  Document No. 1 ex. 4.  Plaintiffs seek damages, interest, and attorney's fees.  The Department of Homeland Security moves for summary judgment, arguing that Plaintiffs' claims against the NFIP should be dismissed because Plaintiffs' property was not covered by flood insurance at the time of the flood loss.  The Shum Defendants move

---

[1] The National Flood Insurance Act ("NFIA") and its implement regulations mandate a 30-day waiting period before an SFIP goes into effect.  42 U.S.C. § 4013(c)(1); 44 C.F.R. § 61.11.  The NFIA contains a loan exception, however, which states that the 30-day wait period will not apply if an SFIP is purchased "in connection with the making, increasing, extension, or renewal of a loan".  <u>Id.</u> § 4013(c)(2)(A).

[2] Although Plaintiffs claim that the NFIP wrongly denied their claim, the uncontroverted summary judgment evidence is that Plaintiffs never presented FEMA with a notice of loss for the November 17, 2003 flood, as required by the SFIP.  Document No. 36 ex. A ¶¶ 29-30; *see also* 44 C.F.R. Pt. 61, App. A(1) Art. VII(j)(1) ("In case of a flood loss to insured property, you must . . . [g]ive prompt written notice to us").

for summary judgment, asserting that there is no evidence that the Shum Defendants misrepresented the effective date of the Policy.

## II. Summary Judgment Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. See id. at 2553-54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. See Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)). "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive

evidentiary burden. *See* <u>Anderson</u>, 106 S. Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing <u>Matsushita</u>, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> (citing <u>Anderson</u>, 106 S. Ct. at 2511). Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

In order to withstand a no-evidence motion for summary judgment, the nonmovant must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 106 S. Ct. at 2552. If the nonmovant fails to make such a showing, "there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and summary judgment must be granted. <u>Id.</u>

III. **Discussion**

A. **The Shum Defendants' Motion for Summary Judgment**

To prevail on a DTPA claim, the plaintiff must show that (1) he is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of his damages. *See* Monumental Life Ins. Co. v. Hayes-Jenkins, 403 F.3d 304, 320 n.33 (5th Cir. 2005) (citing Celtic Life Ins. Co. v. Coats, 885 S.W.2d 96, 99 (Tex. 1994)). In support of their DTPA claim, Plaintiffs' summary judgment evidence is that Shum orally represented on November 7, 2003, that the Shum Defendants were waiving the 30-day waiting period for the flood policy to make the coverage effective immediately, as of November 7, 2003, because Plaintiffs were obtaining a home equity loan. *See* Document No. 44 ex. A at 1-2.[3] Later, on December 3, 2003, at Plaintiffs' request the Shum Defendants issued an "Acord

---

[3] The Shum Defendants object that the parol evidence rule prevents Plaintiffs from offering testimony about Shum's alleged pre-loss oral representations about the Policy's effective date. Document No. 46 at 5. However, "the parol evidence rule does not apply to oral representations that serve as the basis for a DTPA action." Young v. Neatherlin, 102 S.W.3d 415, 422 (Tex. App. --Houston [14th Dist.] 2003, no pet.) (citing Weitzel v. Barnes, 691 S.W.2d 598, 599-600 (Tex. 1985)); *see also* Downs v. Seaton, 864 S.W.2d 553, 555 (Tex. App.--Tyler 1993, no pet.) ("Oral representations are not only admissible, but can serve as the basis of a DTPA action."); Alvarado v. Bolton, 749 S.W.2d 47, 48 (Tex. 1988) (same); Mear v. W. Loop Auto., Ltd., No. 04-04-00402-CV, 2005 WL 543987, at *1-2 (Tex. App.–-San Antonio Mar. 9, 2005, no pet.) (same). The objection is OVERRULED.

[sic] Evidence of Property Insurance," which states that the Policy has an effective date of November 7, 2003. *See* id. ex. B.[4] Although this Accord was issued after the flood, Plaintiffs argue that the document corroborates the representation Plaintiffs claim they had received on November 7. Viewing the evidence in the light most favorable to Plaintiffs, Plaintiffs have raised genuine issues of material fact that preclude summary judgment, including whether the Shum Defendants represented prior to the date of the flood loss that the 30-day waiting period would be waived for Plaintiffs and that their coverage began immediately, and whether these purported misrepresentations were a "producing cause" of Plaintiffs' injuries.[5] The Shum Defendants' motion for summary judgment will be denied.

---

[4] The Shum Defendants note that the Accord is dated December 3, 2003, *after* the date of the flood loss. However, Mr. Harmouche averred in his affidavit that Shum agreed to the earlier effective date *before* the loss, and Mr. Harmouche "had to ask [the Shum Defendants] several times" before they finally sent the Accord. *See* Document No. 44 ex. A at 1-2.

[5] The requirement to view the evidence in the light most favorable to Plaintiffs prevents weighing at this stage Defendants' opposing proof that Plaintiffs actually never requested waiver of the 30-day waiting period until December 2, 2003, when Mr. Harmouche for the first time mentioned a home loan and the bank's putative request for insurance effective as of November 7; Mr. Harmoche's failure to disclose (much less claim) loss from the November 17th flood when he importuned the Shum Defendants for an Accord on coverage backdated to November 7; the absence of any proof of any new home loan having been made before or after the flood on condition imposed by the lender of insurance being made effective as of November 7; and the like. This must all await trial.

B.      Department of Homeland Security's Motion for Summary Judgment

The Department of Homeland Security moves for summary judgment on Plaintiffs' claims against the NFIP, arguing that there is no evidence that Plaintiffs had a contractual relationship with FEMA at the time of the flood for which they claim damages.  Indeed, it is uncontroverted that the Policy under which Plaintiffs seek recovery shows an effective date of November 21, 2003--four days *after* the flood.  *See* Document No. 36 ex. A-G (Flood Policy Declarations, showing an effective date of November 21, 2003); *see also* id. ex. A ¶ 30.  Under traditional principles of insurance law that govern NFIP policies, a plaintiff cannot recover for losses that occurred before the effective date of a policy because it would violate public policy to allow insurance to be obtained for past losses.  In fact, the Fifth Circuit has held that NFIP policies cannot be obtained even for "losses in progress."  *See, e.g.,* Summers v. Harris, 573 F.2d 869, 872 (5th Cir. 1978) ("[W]hen a loss already is in progress at the time a [flood insurance] policy is issued, the contract of insurance does not take effect."); Drewett v. Aetna Cas. & Sur. Co., 539 F.2d 496, 497-98 (5th Cir. 1976) (holding that an insurance contract did not take effect where NFIP policy was issued after flood waters had reached plaintiff's property but before waters entered his home, because loss had already begun when the policy was issued); *see also* 44 C.F.R. Pt. 61, App. A(1) Art. V(B) ("loss in progress" exclusion in

SFIP, stating that "[w]e do not insure a loss directly or indirectly caused by a flood that is already in progress at the time and date . . . [t]he policy term begins"). The uncontroverted evidence establishes that Plaintiffs were not in a contractual relationship with FEMA or the NFIP at the time of the flood loss, and as a matter of law Plaintiffs cannot recover for losses they sustained before the effective date of the Policy.

Moreover, although Plaintiffs allege that the Shum Defendants represented that the Policy would be effective starting November 7, 2003, and the Shum Defendants allegedly issued an Accord dated December 2, 2003, that confirmed this fact, there is no evidence that the alleged earlier effective date was ever submitted to the NFIP as part of Plaintiffs' insurance application. It is uncontroverted that the insurance application forwarded to the NFIP showed a coverage period of November 21, 2003 to November 21, 2004, the same dates on the insurance policy issued by FEMA. *See* Document No. 36 exs. A-C & A-G.  Plaintiffs do not allege or argue that the NFIP or FEMA made any errors or misrepresentations about the Policy effective date, and FEMA is not liable for the Shum Defendants' alleged representations that the Policy had a different coverage period than what was shown on the Policy itself. *See* 42 U.S.C. § 4081(c) ("[FEMA] may not hold harmless or indemnify an agent or broker for his or her error or omission" made while selling or undertaking to sell flood insurance); *see generally* <u>Smith v. Nat'l</u>

<u>Flood Ins. Program</u>, 796 F.2d 90 (5th Cir. 1986) (affirming summary judgment for the NFIP against the insureds and the insureds against the insurance agent where the insurance agent acted negligently in failing to send an insurance application to the NFIP by certified mail; the NFIP was not liable for the insureds' lack of coverage). The Department of Homeland Security's motion for summary judgment will be granted.

## IV.   <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant the Department of Homeland Security's Motion for Summary Judgment (Document No. 36) is GRANTED, and Plaintiffs Mahmoud and Hourieh Harmouche's claims against the National Flood Insurance Program and the Federal Emergency Management Agency are DISMISSED on the merits.  It is further

ORDERED that Defendants Sam Shum and Sam Shum & Associates Insurance Agency, Inc.'s Motion for Partial Summary Judgment (Document No. 33) is DENIED.  Remaining for trial are Plaintiffs' DTPA claims against Defendants Sam Shum and Sam Shum & Associates Insurance Agency, Inc.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 2nd day of August, 2007.

*(signature: Ewing Werlein, Jr.)*

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE